UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
February 11, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
                              DEPUTY

| | |
|---|---|
| MARIA SONIA ALLAICO PACHECO; and M.A. Q-A., a minor, § § § | |
| Petitioners, § | |
| v. § | 5:25-CV-01856-MA |
| § | |
| KRISTI LYNN NOEM, et al., § § | |
| Respondents. § | |

**OPINION AND ORDER**

The Court now considers Petitioners Maria Sonia Allaico Pacheco and M.A. Q-A's ("Petitioners") Amended Petition for Writ of Habeas Corpus."[1] Petitioners, presently in immigration detention, assert that Respondents are withholding administrative review to which they are entitled, and that such claim is cognizable pursuant to 28 U.S.C. § 2241.[2] Upon reviewing the petition, response, and applicable law, the Court **DENIES** Petitioners' writ.

I.   **FACTUAL BACKGROUND**

Petitioners, a mother and child, are citizens and nationals of Ecuador.[3] They entered the United States on or about August 2, 2021.[4] They were detained by immigration authorities and ultimately released on bond.[5] Petitioners' application for asylum was denied on November 29, 2022 in an order that also denied them withholding or deferral of removal.[6] Petitioners' appeal was

---

[1] Dkt. No. 25.
[2] Dkt. No. 25, at 1.
[3] Dkt. No. 25, at 1, 10.
[4] Dkt. No. 25, at 10.
[5] Dkt. No. 25, at 10.
[6] Dkt. No. 25, at 10.

dismissed on June 13, 2025,[7] though their petition for review remains pending with the Court of Appeals for the Second Circuit.

On July 28, 2025, Petitioner Allaico Pacheco filed an application for T nonimmigrant visa ("T-visa") status, listing Petitioner M.A. Q-A as a derivative applicant.[8] On August 29, 2025, Petitioner M.A. Q-A filed a Form I-360 petition for Special Immigrant Juvenile (SIJ) status.[9] These applications remain pending.

On November 8, 2025, Petitioners reported to the U.S. Immigration and Customs Enforcement ("ICE") Office at 26 Federal Plaza in New York City, where they were arrested and detained.[10] Petitioners have been detained at Dilley Immigration Processing Center since November 10, 2025.[11] On January 6, 2026, Petitioners' counsel requested an administrative stay of Petitioners' removal pursuant to 8 U.S.C. § 1227(d).[12] Respondents denied this request on January 15, 2026.[13]

Petitioners assert that Respondents are required by law to "determine whether a pending T-visa presents a prima facie case for approval before a request for a stay of removal is denied."[14] Petitioners allege that Respondents failed to conduct an individualized prima facie review upon their counsel's request in violation of their due process rights and the Administrative Procedures Act.[15] Accordingly, they request that the Court issue an Order requiring Respondents to make a

---

[7] Dkt. No. 25, at 10.
[8] Dkt. No. 25, at 10; Exh. Nos. D–E.
[9] Dkt. No. 25, at 11.
[10] Dkt. No. 25, at 11.
[11] Dkt. No. 25, at 11.
[12] Dkt. No. 25, at 11; Exh. No. G.
[13] Dkt. No. 25, at 12; Exh. No. H.
[14] Dkt. No. 25, at
[15] Dkt. No. 25, at 12 (citing 5 U.S.C. § 706(2)(A)).

determination of their prima facie eligibility, including the taking of biometrics and completion of background checks, and adjudicate a stay of removal consistent with § 1227(d)(1).[16]

Respondents do not address Petitioners' arguments on the merits. Instead, misconstruing Petitioners' writ as a writ for habeas seeking release from detention, they only assert that Petitioners' detention is lawful under 8 U.S.C. § 1231(a)(6) because Petitioners' removal to Ecuador is "reasonably foreseeable."[17]

## II. JURISDICTION

A writ of habeas corpus is used to challenge an arrest, commitment, detention, extradition, bail, or the jurisdiction of a criminal sentence.[18] Under 28 U.S.C. § 2241, district courts may hear habeas corpus challenges to the legality of the detention of noncitizens.[19] The petitioner bears the burden of proving, by preponderance of the evidence, that he is being held contrary to the law.[20]

Petitioners are detained at the Dilley Immigration Processing Center in Dilley Texas, within the Western District of Texas.[21]

Respondents, again operating under the mistaken assumption that Petitioners are challenging their detention, allege that Petitioners' detainment is protected from judicial review by 8 U.S.C. § 1252(a)(2)(B).[22] Section 1252(a)(2)(B) limits the ability of courts to review decisions regarding the granting of relief from removal "notwithstanding . . . habeas corpus provision[s]."[23] Petitioners are not challenging Respondents' authority to grant specific kinds of discretionary

---

[16] Dkt. No. 25, at 2.
[17] Dkt. No. 30, at 3–6.
[18] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019); 28 U.S.C. § 2241.
[19] *Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("The writ . . . provide[s] a means of contesting the lawfulness of restraint and securing release.").
[20] *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).
[21] Dkt. No. 25, at 2.
[22] Dkt. No. 30, at 1.
[23] 8 U.S.C. § 1252(a)(2)(B).

determination of their prima facie eligibility, including the taking of biometrics and completion of background checks, and adjudicate a stay of removal consistent with § 1227(d)(1).[16]

Respondents do not address Petitioners' arguments on the merits. Instead, misconstruing Petitioners' writ as a writ for habeas seeking release from detention, they only assert that Petitioners' detention is lawful under 8 U.S.C. § 1231(a)(6) because Petitioners' removal to Ecuador is "reasonably foreseeable."[17]

## II. JURISDICTION

A writ of habeas corpus is used to challenge an arrest, commitment, detention, extradition, bail, or the jurisdiction of a criminal sentence.[18] Under 28 U.S.C. § 2241, district courts may hear habeas corpus challenges to the legality of the detention of noncitizens.[19] The petitioner bears the burden of proving, by preponderance of the evidence, that he is being held contrary to the law.[20]

Petitioners are detained at the Dilley Immigration Processing Center in Dilley Texas, within the Western District of Texas.[21]

Respondents, again operating under the mistaken assumption that Petitioners are challenging their detention, allege that Petitioners' detainment is protected from judicial review by 8 U.S.C. § 1252(a)(2)(B).[22] Section 1252(a)(2)(B) limits the ability of courts to review decisions regarding the granting of relief from removal "notwithstanding . . . habeas corpus provision[s]."[23] Petitioners are not challenging Respondents' authority to grant specific kinds of discretionary

---

[16] Dkt. No. 25, at 2.
[17] Dkt. No. 30, at 3–6.
[18] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019); 28 U.S.C. § 2241.
[19] *Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("The writ . . . provide[s] a means of contesting the lawfulness of restraint and securing release.").
[20] *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).
[21] Dkt. No. 25, at 2.
[22] Dkt. No. 30, at 1.
[23] 8 U.S.C. § 1252(a)(2)(B).

immigration relief, such as waiving certain grounds for criminal inadmissibility, waiving a finding of fraud or misrepresentation, cancelling a removal, initiating a voluntary departure, or adjusting status.[24] Rather, Petitioners challenge whether Respondents have the authority to execute their removal orders while their T-visa applications are pending. Jurisdiction is properly laid with this Court.[25]

### III. ANALYSIS

Petitioners' primary argument appears to be that Respondents have failed to make a prima facie determination of their eligibility for a T-visa, which Petitioners maintain Respondents are obliged to complete notwithstanding Petitioners' ongoing detention. Petitioners rely on 8 C.F.R. § 214.205,[26] which obligates U.S. Citizenship and Immigration Services ("USCIS") to conduct preliminary reviews of all T-visa applications to determine if the application is "bona fide," a status that "automatically stays the execution of any final order of removal, deportation, or exclusion."[27] Petitioners argue that, because they formally requested a review of eligibility for automatic stay on January 6, 2026, Respondents must complete this preliminary review before they can validly deny Petitioners an administrative stay.

Petitioners are correct that USCIS has not conducted its preliminary reviews of their T-visa applications. However, the Court finds that Petitioners are incorrect in concluding that

---

[24] 8 U.S.C. § 1252(a)(2)(B)(i).
[25] *See Tenelema v. Freden*, No. 1:25-CV-0902-MAV, 2025 WL 3514099 at *3 (W.D.N.Y. Dec. 8, 2025); *see also R.O.A. v. Edlow*, No. 2:25-CV-723, 2025 WL 3210930 at *6 (D. Vt. Sept. 30, 2025).
[26] The Court notes that Petitioners incorrectly cites to 8 C.F.R. § 214.11. In April 2024, the Department of Homeland Security promulgated a final rule reorganizing the regulations governing T-visa status, which relocated the substantive provisions formerly codified at § 214.11 to Subpart C of Part 214, including 8 C.F.R. § 214.205. *See Classification for Victims of Severe Forms of Trafficking in Persons; Eligibility for T Nonimmigrant Status*, 89 Fed. Reg. 34864 (Apr. 30, 2024) (effective Aug. 28, 2024). Section 214.11 now functions as a placeholder referencing the reorganized provisions. Accordingly, the Court construes Petitioners' citation to § 214.11 as a reference to § 214.205.
[27] 8 C.F.R. § 214.205

Respondents wrongfully denied Petitioners' request for administrative stay pending this preliminary review.

Petitioners appear to be under the mistaken impression that they can control the timetable by which bona fide review occurs by requesting consideration for an administrative stay, or that Respondents are obligated to complete this preliminary review before executing Petitioners' removal or denying any request for administrative stay or removal. Both assumptions are incorrect.

Although an applicant is entitled to an administrative stay of removal once her application has been determined to be bona fide,[28] no such protection exists before this determination is made. The regulations governing T-visa applications explicitly state that filing of a T-visa application itself does not impede the execution of a final order of removal.[29] A T-visa applicant may submit a request for a discretionary stay of removal while their T-visa application is pending preliminary review,[30] but this review is discretionary and distinct from the agency's preliminary bona-fide review under 8 C.F.R. § 214.205.

Petitioners conflate the process by which the agency can grant a discretionary administrative stay upon request with the automatic administrative stay in 8 C.F.R. § 214.205. In fact, Respondents were within their discretionary rights to deny Petitioners' request for administrative review after "thoroughly consider[ing] all relevant factors, including but not limited to [Petitioners'] immigration history, equities in the United States, and the humanitarian concerns cited in [Petitioners' counsel's] correspondence."[31] The Court finds that this decision was within Respondents' discretion to make.

---

[28] 8 C.F.R. § 214.205.
[29] *See* 8 C.F.R. § 214.204(b)(2)(i) ("[t]he filing of an Application for T Nonimmigrant Status has no effect on DHS authority or discretion to execute a final order of removal, although the applicant may request an administrative stay of removal pursuant to 8 C.F.R. [§] 241.6(a).").
[30] 8 C.F.R. § 241.204, .6.
[31] Dkt. No. 25, Exh. H, at 1.

Having established that Respondents' denial of Petitioners' request for administrative stay was a valid exercise of agency authority, the Court next considers whether Respondents have wrongfully delayed the preliminary review of Petitioners' T-visa applications. Upon reviewing the record and relevant authorities, the Court finds they have not.

Nothing in the regulations governing T-visa applications obligates USCIS to complete its preliminary review of a T-visa application before it can remove an applicant. In fact, the regulations do not set any timetable by which the agency must review T-visa applications.

When a regulation is silent concerning the timetable by which an agency must complete an action, courts generally assess whether an agency's failure to act constitutes an undue delay by considering the factors set out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984), considering:

1. Whether the time the agency takes to make a decision is governed by a "rule of reason";
2. Whether there exists some relevant statutory timetable or indication that Congress expected an action to be completed within a given amount of time;
3. Whether the delays threaten human health or welfare;
4. The effect of expediting the allegedly delayed action on competing or higher-priority agency actions;
5. The nature and extent of the interests prejudiced by delay;
6. Whether the delay might be deemed unreasonable even in the absence of any impropriety.

The Court finds that the balance of these factors weigh in Respondents' favor. Petitioners did not file their T-visa application until July 28, 2025.[32] They have provided no evidence to

---

[32] Dkt. No. 25, at 10; Exh. Nos. D–E.

suggest that Respondents' failure to review their application is the result of any willful or unreasonable delay, nor have they provided anything to support the idea that Respondents are obligated to expedite the review of a T-visa applicant facing imminent removal. The Court acknowledges that removal will strip Petitioners of their eligibility for a T-visa,[33] but finds that it cannot read any obligation imposing expedited or higher-priority treatment for T-visa applicants facing removal in light of the regulation's explicit mandate that pending applications do not affect Respondents' ability to execute a final removal order.[34] Accordingly, the Court cannot conclude that Respondents have violated Petitioners' due process rights or their own governing statutes and regulations in failing to yet conduct a preliminary review of Petitioners' T-visa applications.

## CONCLUSION AND HOLDING

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.
DONE this 11th day of February, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[33] 8 C.F.R. § 214.202(b).
[34] *See* 8 C.F.R. § 214.204(b)(2)(i) ("[t]he filing of an Application for T Nonimmigrant Status has no effect on DHS authority or discretion to execute a final order of removal, although the applicant may request an administrative stay of removal pursuant to 8 C.F.R. [§] 241.6(a).").